[761 NYS2d 675]

In the Matter of LARKIN BEHENSKY, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 16, 2003

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Gary D. Egerman* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition, dated March 4, 2002, containing three charges of professional misconduct. After a hearing on July 15, 2002, the Special Referee sustained all three charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent has neither cross-moved nor replied to the petitioner's motion.

The parties executed a stipulation dated July 15, 2002, in which they agreed to the facts of the three charges.

Charge One alleges that the respondent has engaged in conduct which is prejudicial to the administration of justice by failing to reregister as an attorney with the Office of Court Administration (hereinafter OCA), in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

Although OCA records listed the respondent's address as 2250 Maple Avenue, Peekskill, an unrelated complaint received by the petitioner indicated her address as 305 North Hackensack Road, Poughkeepsie. By letter to the Poughkeepsie address dated August 7, 2001, the petitioner advised the respondent that a sua sponte complaint had been authorized against her based upon her failures to reregister with OCA for the current and/or previous registration period and/or to file a change of address pursuant to Judiciary Law § 468-a and 22 NYCRR 118.1.

When the respondent failed to submit an answer, the petitioner sent a second letter to the Poughkeepsie address on September 18, 2001, via certified mail. The petitioner advised the respondent that her failure to submit an answer within 10 days of receipt of the letter would constitute professional misconduct independent of the merits of the complaint and that the petitioner could move for her immediate suspension. According to the return receipt, the respondent signed for the letter on September 19, 2001. The respondent still failed to reply.

A third copy of the complaint was sent to the Poughkeepsie address on October 25, 2001, via certified mail. The letter was returned unclaimed after three attempts at delivery.

This is the second sua sponte complaint authorized against the respondent for failure to reregister with OCA. On July 9, 1997, the prior complaint was dismissed and the respondent was reminded of her obligation to maintain a current registration. Based upon her misconduct, the petitioner issued a letter of admonition dated December 24, 2001, conditioned upon the respondent registering with OCA and submitting an answer to the complaint within 30 days. The petitioner advised the respondent that her failure to comply with the conditions set forth in the letter of admonition would result in a motion for her interim suspension and for authorization of a disciplinary proceeding. The petitioner forwarded the letter of admonition by both regular and certified mail. The return receipt bears the respondent's signature dated December 28, 2001.

The respondent failed to submit an answer within the 30-day period. The petitioner's review of OCA records conducted on June 28, 2002, reveals that the respondent's registration remains outstanding and that she has not reregistered since the 1996-1997 period.

Charge Two alleges that based on the factual allegations of Charge One, the respondent has engaged in conduct which adversely reflects on her fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge Three alleges that the respondent has engaged in conduct prejudicial to the administration of justice by failing to notify OCA of her change of address, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]). Although the sua sponte complaint was commenced in August 2001, the respondent has yet to notify OCA of her change of address.

In view of the stipulation and the absence of any issues of fact, the Special Referee properly sustained all three charges of professional misconduct. The petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, it bears noting that a prior sua sponte complaint against the respondent was dismissed on July 9, 1997, along with a reminder from the petitioner of her obligation to maintain a current registration. She was issued a letter of admonition on December 24, 2001, based upon the sua sponte complaint of August 2001 and her failure to cooperate with the petitioner. Her failure to comply with the conditions set forth therein, i.e. reregistering with OCA and submitting an answer

to the petitioner's complaint, led to her interim suspension and the ensuing disciplinary proceeding. Notwithstanding the respondent's depression, her expressed remorse at the hearing, her payment of registration arrears, the absence of harm to any client and the remedial steps she has since undertaken, the respondent has failed to benefit from the petitioner's prior attempts to afford her leniency. Under the totality of circumstances, the respondent is publicly censured for her misconduct. She remains under an interim suspension and her reinstatement is contingent upon her submission to this Court of proof from OCA that she has complied with their continuing legal education requirements. Only upon submission of such proof and the issuance of an order by this Court can the respondent be reinstated.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and FLORIO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Larkin Behensky, is censured for her professional misconduct, and her reinstatement to the practice of law is contingent upon proof of her compliance with the continuing professional legal education requirements; and it is further,

Ordered that the respondent, Larkin Behensky, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Larkin Behensky, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.